UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANN M. TOPPIN
A/K/A ANN M. TOPPIN SANDOW

    Plaintiff,

V.                                                              CIVIL ACTION NO.

NATIONAL CREDIT SYSTEMS, INC.

    Defendant.                                       DECEMBER 22, 2008

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Ann Toppin, as an individual consumer, against Defendant National Credit Systems, Inc., hereinafter ("NCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

1

3. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Ann Toppin is a natural person residing in town of Dundalk, Baltimore County and the State of Maryland.

5. Defendant, NCS, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 3800 Camp Creek Parkway Bldg. 1800, Suite 110, Atlanta, GA 30331 and is authorized to do business in Maryland.

6. On information and belief, the principal purpose of Defendant's business in this State is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

### IV. FACTUAL ALLEGATIONS

9. At all times relevant hereto; the Defendant was attempting to collect an alleged debt from the Plaintiff (hereinafter "debt")

10. The alleged debt was incurred by the plaintiff for personal, family, or household purposed and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Based on information and belief, on or about December 1, 2008 Plaintiff contacted NCS to dispute a debt.

12. Plaintiff spoke with "Ms. Butler" at NCS and informed her that she wished to dispute the alleged debt and was advised that it was too late to dispute the debt.

13. Plaintiff asked "Ms. Butler" what affect does an oral dispute have on this account and was informed "nothing it has no effect".

14. NCS stated to Plaintiff that it would report the debt to the three major Credit Reporting Agencies without noting Plaintiff's dispute.

15. At the time Plaintiff contacted NCS she was not provide the required notice required by § 1692e (11).

16. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. In the collection efforts, NCS violated the FDCPA, inter alia, § 1692e. .

19. As a result of the foregoing violations of the FDCPA, NCS is liable to the plaintiff Ann Toppin for declaratory judgment that NCS's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant NCS for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

        THE PLAINTIFF

BY _____

Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com